**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ROXNY ALEXANDER BONILLA ANARIVA,**<br>**Petitioner,**<br>**v.**<br>**LUIS SOTO,** ***et al.*****,**<br>**Respondents.** | **Case No. 26–cv–12372–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Roxny Alexander Bonilla Anariva's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of Honduras who has lived in the United States since 1996. (ECF No. 1 ¶ 1.)

2. Immigration and Customs Enforcement (ICE) arrested and detained petitioner on September 17, 2026 at Newark Airport. (*Id.* ¶ 2.)

3. This Petition followed on September 18, 2026. Petitioner argues that they have been detained without access to an individualized custody determination and bond hearing. (*Id.* ¶ 23)

4. Respondents filed a letter stating that petitioner received an initial custody determination of September 17, 2026 and is eligible to be released on $7,500 bond. (ECF No. 4–1 p. 2.) Petitioner requested that an immigration judge review that determination. (*Id.*)

5. A bond hearing was conducted on September 23, 2026, and the immigration judge affirmed the initial determination after finding petitioner was a flight risk. (ECF No. 4–2 p. 2.)

6. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a person only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

7. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

8. Immigration and Customs Enforcement (ICE) made an initial custody determination on September 17, 2026 that petitioner could be released on $7,500 bond. (ECF No. 4–1 p. 2.)

9. Petitioner exercised their right to have an immigration judge review that determination. (ECF No. 4–2 p. 2.)

10. "Immigration detainees seeking to invoke this Court's habeas jurisdiction … must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20–cv–06459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)).

11. Petitioner may seek relief before the Board of Immigration Appeals, and they must do so before seeking habeas relief in this Court.

Accordingly,

**IT IS** on this **2nd** day of **October 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DISMISSED WITHOUT PREJUDICE**.

2. Any restrictions imposed on petitioner's location are **LIFTED**.

3. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**